IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WESLEY MARTIN, *et al.*,

    Plaintiffs,

v.                                                                                                          No. 24-cv-343 KWR/KRS

FNU WILKENS, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on the Prisoner Civil Rights Complaint (Doc. 1) (Complaint), which was filed by or on behalf of the following inmate-plaintiffs: Michael Wesley Martin, Justin Leverrte, and Loydale Kirven. The Complaint alleges violation of the inmate-plaintiffs' constitutional rights at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. Plaintiff Martin appears to have prepared the Complaint, and he has also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) (IFP Motion). A mailing to Plaintiff Justin Leverrte was returned to the Court as undeliverable. (Doc. 3). Accordingly, the inmate-plaintiffs are no longer housed at the same facility. As a threshold issue, the Court must determine whether it is feasible for multiple inmate-plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)."); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)."); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under

2

28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. The inmate-plaintiffs did not all sign the Complaint, which makes it impossible to discern the scope of the joined claims. *See* (Doc. 1) at 12. Moreover, as noted above, at least one of the inmate-plaintiffs has been transferred or released and has severed contact with the Court. (Doc. 3). The Court therefore finds that joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). Other courts allow the primary filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action"). *Cf Rueb v. Zavaras,* 371 Fed. App'x 982, 985–86 (10th Cir. 2010)

(affirming where "the district court dismissed all plaintiffs except [one], … ordered him to file another amended complaint … limited solely to his own claims").

The Court will take the latter approach: permit the primary filer (Michael Wesley Martin) to proceed in this case; and dismiss the claims of all remaining plaintiffs without prejudice to refiling their own case.  To prosecute this case, Martin must file an amended complaint limited solely to his own claims within thirty (30) days of entry of this Order.  If Martin fails to timely file an amended complaint, this case may be dismissed without further notice.  Moreover, if another plaintiff (*i.e.*, a plaintiff who is not Martin) submits a pleading in this case, the Court may decline to file it in this docket and direct the Clerk's Office to open a new case on behalf of that plaintiff.

Regarding Martin's IFP Motion (Doc. 2), his financial information reflects he is unable to prepay the $405.00 filing fee.  The Court will therefore grant the IFP Motion, which reduces the fee to $350.00, and allow Plaintiff to pay in installments.  *See* 28 U.S.C. § 1915(b).  Plaintiff must make an initial partial payment of "20 percent of the greater of … [his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action.  *Id.*  Plaintiff's financial statement reflects he receives $135.36 per month, and that amount exceeds his average balance.  *See* (Doc. 2) at 3.  The Court will assess an initial payment of $27.07 (which is 20% of the average deposits) pursuant to § 1915(b)(1).  After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  If Martin fails to timely comply with both directives, *i.e.* file an amended complaint limited solely to his own claims <u>and</u> make the initial partial payment, his claims and this entire case may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Michael Wesley Martin is the only Plaintiff permitted to prosecute this case; all claims filed by other inmate-plaintiffs are **DISMISSED without prejudice** to filing their own separate actions.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff Martin must file an amended complaint limited solely to his own claims.

**IT IS FURTHER ORDERED** that Plaintiff Martin's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 2**) is **GRANTED** and within thirty (30) days from entry of this Order, Plaintiff Martin shall send to the Clerk an initial partial payment of **$27.07**;

**IT IS FINALLY ORDERED** that the Clerk is directed to provide Plaintiff Martin with two copies of this order; Plaintiff Martin shall make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment; and after payment of the initial partial fee, Plaintiff Martin shall make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE